IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-CV-00075-RLV
(5:05-CR-00009-RLV-DCK-21)

| TRAVIS DORAN RAMSEUR, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Respondent's motion for summary judgment on the claims raised by Petitioner in his pro se motion to vacate, set aside or correct sentence, which he filed pursuant 28 U.S.C. § 2255. For the reasons stated herein, the Court finds that Respondent's motion for summary judgment should be granted and Petitioner's § 2255 motion will be denied and dismissed.

I. BACKGROUND

Petitioner was indicted by the grand jury in this district on one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, 5 kilograms or more of cocaine, and 1000 kilograms or more of marijuana, all in violation of 21 U.S.C. § 846 (Count One). Petitioner was also charged with one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (Count Thirty). (5:05-CR-00009, Doc. No. 542: Third Superseding Indictment).

Petitioner elected to plead not guilty and proceeded to a jury trial before the undersigned. The Government presented evidence at trial regarding a five-year conspiracy to distribute drugs

in and around Iredell County, North Carolina, which involved three dozen individuals and large quantities of cocaine base, cocaine, and marijuana. One of the co-conspirators, Rickie Eckles, and seven other co-conspirators who had already pleaded guilty in hopes of lesser sentences, testified at Petitioner's trial. Eckles testified that he provided Petitioner with vast amounts of his drugs which Petitioner later resold to individuals. The lead investigator, Detective David Ramsey with the Iredell County Sheriff's Department, also testified at Petitioner's trial. Det. Ramsey described his investigation into the drug conspiracy and provided evidence regarding his surveillance of Petitioner and his co-conspirators and he described numerous drug purchases he observed Petitioner make from Eckles. Det. Ramsey also provided details about telephone conversations between Petitioner and Eckles that were related to the drug conspiracy.

Following a four-day trial, the jury returned a verdict finding Petitioner guilty for his role in the drug conspiracy as charged in his indictment, and specifically found that 50 grams or more of cocaine base and 5 kilograms or more of cocaine were directly attributable to Petitioner.[1] The jury also found that Petitioner was responsible for less than 50 kilograms of marijuana rather than the 1000 or more kilograms as was charged in the indictment. (Id., Doc. No. 845: Jury Verdict). The U.S. Probation Office prepared a presentence investigation report (PSR) in advance of Petitioner's sentencing hearing. The PSR calculated a base offense level of 36 under § 2D1.1 of the U.S. Sentencing Guidelines Manual (USSG), and found that that a two-level enhancement should be applied under § 2D1.1(b)(1) because Petitioner possessed a gun during the conspiracy. The PSR further found that an enhancement should be applied under § 2A1.1(a) based on the finding that Petitioner had been involved in three murders during the drug conspiracy that were directly related to the conspiracy ("murder cross-reference"). The proposed

---
[1] The § 922(g) charge was not submitted to the jury.

enhancement raised his base offense level to 43 (§ 2A1.1 "murder cross-reference").[2] The probation officer found that Petitioner was subject to a statutory sentence of no less 20 years nor more than life imprisonment, and a guideline range of life imprisonment based on a total offense level of 43 and a Level 3 criminal history category. (Id., Doc. No. 958: PSR).

During his sentencing hearing, the Government presented evidence from cooperating witnesses in support of the murder cross-reference which provided specific details about the murders that were committed in 2001 and 2004. In particular, the Government offered evidence through the testimony of Tyrone Brandon who described a conversation he had with Al Bellamy while they were both in state custody. Brandon testified that Bellamy informed him that the murders were related to Petitioner's participation in the drug conspiracy. Petitioner's objection to the application of the murder cross-reference was overruled after the Court found that he was directly accountable for all three murders. Petitioner was sentenced to a guideline term of life imprisonment and he appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit.

On appeal, Petitioner raised two issues. First, Petitioner challenged a statement made during his trial by Rickie Eckles in front of the jury regarding Petitioner's state charge of murder that was filed while Petitioner was participating in the drug conspiracy. Petitioner argued that this Court should have declared a mistrial based on the testimony, but the Circuit Court rejected this argument. The Court found that that this Court's instruction to the jury that they must disregard the testimony about the murder charge cured any potential prejudice. In his second claim, Petitioner argued that the application of the murder cross-reference was improper.

---

[2] USSG § 2D1.1(d) provides for a base offense level of 43 "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 . . . [after applying ]§ 2A1.1(a) . . ."

Specifically, Petitioner argued that evidence related to the murders had nothing to do with his participation in the drug conspiracy. The Court rejected this argument and his conviction and sentence were affirmed. United States v. Ramseur, 378 Fed. App'x 260 (4th Cir. 2010) (unpublished).

Petitioner did not petition the Supreme Court for further review. Instead he filed the present § 2255 motion and raises several claims for relief which will be addressed below. After the Government moved for summary judgment on his claims, this Court notified Petitioner of his obligation to respond to the motion pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed his response.

## II. STANDARD OF REVIEW

### A. Section 2255 Proceedings

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### B. Summary Judgment

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to motion to vacate). Any permissible inferences which are drawn from the underlying facts must be

viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

III. DISCUSSION

1. Ground One

Petitioner first argues that this Court erred in applying the murder cross-reference to enhance his sentence because there was insufficient evidence offered about the three slayings. (5:11-CV-00075, Doc. No. 1 at 4). As noted above, the Fourth Circuit squarely rejected Petitioner's challenge to the application of the murder cross-reference after finding its application was supported by sufficient evidence which was presented by the Government during Petitioner's sentencing hearing. Petitioner's argument is without merit because there was sufficient evidence presented on this issue before this Court, and the Fourth Circuit has already affirmed this fact on direct appeal and he may not present this claim again in a § 2255 proceeding. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (In a Section 2255 proceeding, a petitioner "will not be allowed to recast, under the guise of collateral attack, questions fully considered" and decided on direct appeal); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.").

2. Ground Two

5

Next, Petitioner contends that the prosecution failed to present sufficient evidence to support his sentence of life imprisonment. This argument must also fail. First, the Court notes that the evidence presented at trial, which included testimony from eight of Petitioner's co-conspirators and Det. Ramsey, provided extensive detail about his involvement in the drug conspiracy. This evidence was overwhelming. Second, Petitioner's conviction and sentence have been affirmed by the Fourth Circuit. Therefore, Petitioner cannot maintain his present challenge to the sufficiency of the evidence presented at trial.

3. Ground Three

In his third claim, Petitioner contends that he received ineffective assistance of counsel at trial and on appeal. (Id., Doc. No. 1 at 7). The Sixth Amendment of the United States Constitution provides that all defendants charged with a crime have the right to assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a

reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).[3]

Petitioner bluntly asserts here that both his trial and appellate counsel were ineffective because his counsel had a conflict of interest and he failed to present an adequate defense or appeal. Petitioner further contends that he "refused to argue issues [Petitioner], family members, and or other interested persons [] offered to counsel [] via phone, letters, etc." This argument utterly fails to alert this Court as to how his counsel was ineffective in this regard and it fails to present any detail regarding the existence of prejudice. Because Petitioner has failed to carry his burden under Strickland this claim will be dismissed.

Within this third claim for relief, Petitioner again raises yet another challenge to the sufficiency of the evidence with his focus again on the evidence pertaining to his participation in three murders during the drug conspiracy. In support of this assertion, Petitioner contends that

---

[3] The test for ineffective assistance of appellate counsel is the same as it is for trial counsel. Specifically, "[i]n order to establish a claim that appellate counsel was ineffective for failing to pursue a claim of direct appeal, the applicant must normally demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (internal quotations and citations omitted). In addition, appellate counsel is entitled to a "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993); see also Smith v. Robbins, 528 U.S. 259, 288 (2000) (appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.") (citing Jones v. Barnes, 463 U.S. 745 (1983)).

7

the state government failed to "disclose Jencks Act material" to the defense during his federal prosecution. This argument again fails to alert this Court as how he could obtain relief in a collateral attack on his conviction and sentence.

    4.    Ground Four

Petitioner next contends that this Court erred by failing to consider his criminal history and that "the Probation Offices finding[s] were contrary to Fed. Rules." (Id., Doc. No. 1 at 8). During sentencing, this Court adopted the findings in the presentence report after concluding that the evidence contained therein was credible and reliable and Petitioner has offered no reasonable challenge in his § 2255 motion which could call the contents of his PSR into question. Accordingly, this argument will be denied.

Petitioner also pleads that the probation officer erred by not providing written notice to his trial counsel and he appears to contend that such an alleged omission is in violation of "the Sentence Reform Act of 1984" and the Sentencing Guidelines. This argument is without merit as it again fails to direct this Court as to how this may have prejudiced Petitioner.

Petitioner has also renewed his challenge to the sufficiency of the evidence which this Court found, and the Fourth Circuit likewise concluded on appeal, supported the application of the murder cross-reference. Finally, Petitioner asserts that he should be entitled to relief because "exculpatory evidence existed" regarding his mistrial in state court. These argument are conclusory and provide no evidence that could entitle Petitioner to any relief.

    5.    Motions to Amend

        a.    First Motion

Petitioner filed three motions to amend his original § 2255 petition. In the first motion to

amend, Petitioner's presents a fourth post-appeal challenge to the application of the murder cross-reference and contends that the Fourth Circuit's opinion in United States v. Horton, 693 F.3d 463 (4th Cir. 2012), entitles him to relief. Petitioner argues that his drug conspiracy conviction and the relevant conduct, i.e. the three murders that supported the application of the cross-reference, must be groupable offenses. (5:11-CV-00075, Doc. 12).

In Horton, the Court considered a challenge to the sentencing court's application of the murder cross-reference in the context of a defendant that had been convicted of a § 922(g) offense. At sentencing, the court found that the murder cross-reference should apply based on the § 922(g) conviction and its conclusion that the defendant had committed "relevant conduct" in connection with a murder that was unrelated to his § 922 conviction. The Court "reject[ed] the Government's argument that the relevant conduct offense is the second felon in possession offense . . ." (internal quotation omitted). "As we have held above and as applied in the context of cross-references, both the offense of conviction and the cross-referenced offense must be group-able. Contrary to the Government's contention, the relevant conduct here is *murder*, because it was the murder offense and the Guideline that was used to set Horton's offense level, and it was the murder the district court treated as 'relevant conduct.'" Horton, 693 F.3d at 480 (italics in original).

At Petitioner's sentencing hearing, this Court applied the cross-reference for first-degree murder as provided for in USSG § 2A1.1(d) which is applicable, as in Petitioner's case, when a victim is killed during the course of drug conspiracy. (5:09-CR-00009, Doc. No. 598: PSR ¶ 58). Petitioner's reliance on Horton is therefore misplaced because the cross-reference at issue in that case involved a § 922(g) conviction and a murder cross-reference enhancement based on conduct

9

that occurred separate and apart from the gun conviction and Petitioner's offense level was calculated pursuant to USSG § 2K2.1. Accordingly, Horton has no application to Petitioner's murder cross-reference and the motion to amend will be denied as futile.

b.  Second Motion

Here, Petitioner seeks to seek add a claim for relief from his sentence based on the Supreme Court's opinion Alleyne v. United States, 133 S. Ct. 2151 (4th Cir. 2013). (5:11-CV---07, Doc. No. 19). Petitioner contends that his motion to amend should be allowed under § 2255(f)(3) because the Court's decision in Alleyne applies retroactively on collateral review. Petitioner's motion will be denied because Alleyne has not been made retroactive to cases on collateral review. See United States v. Stewart, 540 Fed. App'x 171, 172 n.* (4th Cir. 2013) (unpublished) (noting that the holding in Alleyne has not been made retroactively applicable to cases on collateral review);[4] see also Eley v. United States, 2014 WL 4199241, at *2 (E.D.N.C. Aug. 22, 2014) (collecting cases).

c.  Third Motion

In his last motion to amend Petitioner again contends that his motion should be allowed because it is timely under § 2255(f)(3). Petitioner cites the Supreme Court's decision in Burrage v. United States, 134 S. Ct. 881 (2014) and contends that the case should apply retroactively to cases on collateral review. (5:11-CV-00075, Doc. No. 20). Petitioner's motion to amend will be denied because the Supreme Court's Burrage opinion simply notes the holding in Alleyne, and the Court makes no finding that the Burrage decision would apply retroactively. See Alvarez v. Hastings, 2014 WL 4385703, at *4 (S.D. Ga. Sept. 5, 2014) (collecting cases which note that no

---

[4] In Alleyne, the Court held that any fact which increases a mandatory minimum sentence must be treated as an element of an offense and submitted to the jury and found beyond a reasonable doubt.

authority had made Burrage retroactive).

IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion is without merit and the Government's motion for summary judgment will be granted.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's motion for summary judgment is **GRANTED**. (Doc. No. 8).
2. Petitioner's motions to amend are **DENIED**. (Doc. Nos. 12, 19 and 20).
3. Petitioner's § 2255 motion is **DENIED** and **DISMISSED**. (Doc. No. 1).
4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: September 29, 2014

Richard L. Voorhees
United States District Judge